AMERICAN YELLOW TAXI OPERATORS, INC., Plaintiff, *v.* EDWARD J. A. QUINN, Defendant.

AMERICAN YELLOW TAXI OPERATORS, INC., Plaintiff, *v.* JAMES MOYNAHAN, Defendant.

AMERICAN YELLOW TAXI OPERATORS, INC., Plaintiff, *v.* SIMON ROSENTHAL, Defendant.

Supreme Court, New York Special Term, April, 1922.

**Injunction — unfair competition — imitation in color and design of plaintiff's taxicabs restrained.**

Where, in a suit to enjoin alleged unfair competition in trade, it appears that the plaintiff, the " American Yellow Taxi Operators, Inc.," is entitled to have protected its good will and reputation, acquired by reason of its efficiency, enterprise, skill and methods, taken in conjunction with the cars it operates, an injunction will be granted restraining the defendants from such an imitation of plaintiff's cars in design, color, get-up and markings as would mislead the public into the belief that the cars operated by defendants were those of plaintiff, or would mislead an ordinary observer under ordinary conditions into using a car of defendants' when he intended to use one of the plaintiff's.

Though neither the cars, an essential element of the good will, nor the color, though they may help to identify it, standing alone have won the good will, both of these facts will be given consideration in order to give that full measure of protection which shall not encroach upon the rights of others, and shall restrain those, who merely imitate in order to profit, from stealing the success of the good will built up by industry, skill and enterprise.

SUITS to enjoin alleged unfair competition.

*Parker & Aaron (Herman Aaron* and *Charles Adkins Baker,* of counsel), for plaintiff.

*Lyman De F. Branden,* for defendant Quinn.

*Charles P. Sullivan,* for defendant Moynahan.

*Henry Rodger Kahn,* for defendant Rosenthal.

COHALAN, J. These are three of a series of motions in suits brought by the plaintiff against owners and operators of public taxicabs in the city of New York to enjoin their operation on the ground that they are imitating the taxicabs in the service of the plaintiff. There are variances in detail and design in the resem-

blances claimed to exist between the cabs of the plaintiff and of the several defendants.   But the general claim made by plaintiff is that the defendants have painted and marked their cars in such a way as to imitate its cars. to an extent which misleads the public into the belief that their cars are the cars of the plaintiff.   The plaintiff makes no claim that it has either a trademark or a copyright in any part of the taxicabs, or that it is the inventor of any design or subject-matter capable of protection as an artistic design or as a matter of invention.   It rests its claims solely upon the principles of unfair competition, and asserts that during the summer and fall of 1921 it has built up for itself a valuable good will and reputation which entitle it to protection against the acts of the defendants which are herein complained of.   Plaintiff asserts that it has selected, from the many combinations of color and dress with which motor cars can be covered and distinguished, the distinctive colors of orange and black, or as they are sometimes called, yellow and black.   It admits that it invented neither these colors, nor their combination, nor the design under which they now are being used.   It admits that for some years they have been used in Chicago, Philadelphia and Newark, and continue to be used in those cities. But it asserts that, at the time it began operations in this city, there were no taxicabs in regular operation here that were in color, make-up and style similar to and easily confounded or confused with the taxicabs of the plaintiff.   It admits that such colors, in practically similar make-up and style, were used upon the streets of New York, on taxicabs—for a period beginning about 1908 and extending for five or six years thereafter—by a corporation and by individuals other than itself.   In fact, it admits its operation in the city commenced in the spring of 1921, when it began business with about twenty taxicabs, and since that time it has continued in business with an increasing number of cars, until it now operates over 200 on the streets and avenues of this city.   It asserts that commencing in the early winter of this year other taxicabs, imitating the style, markings and name of the plaintiff, began to appear in large numbers upon the streets of New York.   In the great majority of cases these taxicabs are operated by their owners, and in many cases the same cars had been operated previously — by the owners or their predecessors in ownership — under various other colors, such as black, brown and white and other combinations.   In a number of cases, however, the operators are using new cars bought from the same manufacturer from whom the plaintiff has purchased its cars and have had them delivered, painted with the same colors as those of the plaintiff.   Plaintiff claims that the purpose of the defendants in such purchases and imitations has been to take

advantage of the good will, reputation and business enterprise of the plaintiff and that this condition is an injury and an injustice to it. It urges that the law, on facts as recited herein, has been settled already and entitles it to an injunction preventing any use by others of cars of a style or design that reasonably can be connected or confused, by the ordinary observer and under ordinary conditions of street user, with the service of the defendant. An exhaustive brief has been submitted on its behalf, interestingly and learnedly, reviewing previous decisions made on questions akin to the ones submitted here and citing many instances in which at Special Term injunctions have been granted, and several in which the decisions have been affirmed by the Appellate Division.

A careful examination of the papers and of the claims made on both sides convinces me that while the plaintiff is entitled to injunctive relief, protecting it in the good will and reputation it has established, it 's not entitled to a sweeping injunction preventing all others who own or operate public taxicabs for hire from using in any form the colors orange and black or black and yellow. The cases under which the right to use exclusively the colors black and white as a combination upon taxicabs was sustained are not in point. In the litigation in which that relief was granted it was clearly established by the plaintiffs therein that they were the first to use such a combination of colors and had a course of business sufficiently long continued to give them a proprietary right, under the law, to the exclusive use of such a combination.

In the present cases no such condition of affairs exists. It is admitted that the combination of orange and black or yellow and black was used in this city for years before the plaintiff was incorporated or came into existence. It is claimed on behalf of the defendants that the same combination was used by independent owners after the former Yellow Taxicab Company had gone out of business and had ceased to operate its cabs. It was admitted upon the argument that cabs similar in form, design and color to those of the plaintiff are exposed for sale here by the same manufacturer from which the plaintiff buys its cars, and one of the effects of the injunction, if granted in the form asked by the plaintiff, would be practically to restrain such sales and prevent the manufacturer from extending its business in New York city, even though it had granted to the plaintiff no exclusive right to the use of its cars. The plaintiff has undoubtedly built up for itself an excellent business, to. the fruits of which it is entitled; but it may not be protected beyond the point at which its rights come into contact with those of other operators of cars. It is probably the largest single owner of yellow taxicabs in the city, but the defendant

Moynahan, who has been in this line of business for many years, and whom, among others, it seeks to enjoin, gives it as his sworn opinion that it does not operate more than ten per cent of the cars of the same general type, make, design and get-up now used as public taxicabs.   The defendants assert that the color scheme and what is called " the get-up " of the cars were not originated by the plaintiff but rather by the Yellow Cab Manufacturing Company, from which plaintiff and defendants have both bought the cabs; and Moynahan asserts in his answer that the officers of that company and of the plaintiff are engaged in a conspiracy to deprive the defendants and others of the beneficial use of their property and to control and monopolize the taxicab business of the city.

Without agreeing with such contentions it is clear that the issues involved here should not finally be determined on affidavits but in the main should be left for the trials where both sides will be compel ed to leave the realm of assertion and speculation and go into the field of proof.   The plaintiff has made out its right to relief along certain well-defined lines, even though it cannot fix the month in which or the number of cars at which that right accrued.   I believe it should have an order restraining the defendant in each case from such an imitation of its cars in design, color, get-up and markings as would mislead the public into the belief that the cars operated by the defendant were those of the plaintiff, or would mislead an ordinary observer under ordinary conditions into using a car of the defendant when he intended to use one of the plaintiff.

The plaintiff is entitled to protection from unfair competition and defendants may not mislead the public into the belief that their cars belong to the plaintiff.   Both the public and the plaintiff are entitled to be protected in this manner.

But in the last analysis that for which the plaintiff is entitled to protection is the good will and reputat on which it has acquired by reason of its efficiency, enterprise, skill and methods when taken in conjunction with the cars which it operates.   The cars alone have not won that good will, though they may be an essential element of it.   The colors alone have not won it, although they may help to identify it.   But both of these facts should be taken into account in order to give that full measure of protection which shall not encroach upon the rights of others and shall restrain those — who merely imitate in order to profit — from stealing the success of the fruits thereof, built up by industry, skill and enterprise.   Motions granted accordingly.   Settle order on notice.

Ordered accordingly.